UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY DIAZ, Individually, and
CHRISTINE DIAZ, Individually, and
ISABELLE MARIE DIAZ, a Minor, by her
Father and Next Friend, ANTHONY DIAZ,
LUCAS DIAZ, a Minor, by his
Father and Next Friend, ANTHONY DIAZ
Plaintiffs

v.

BAYBUTT CONSTRUCTION
CORPORATION,
Defendant

CIVIL ACTION NO: 04 12664 DPW

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY CLK ____
DATE 12/26/04

## PLAINTIFFS' COMPLAINT AND CLAIM FOR TRIAL BY JURY ON ALL COUNTS

### JURISDICTION

1. Plaintiff Anthony Diaz is a citizen of the state of Massachusetts and resides at 70 Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts. Plaintiff Christine Diaz is a citizen of the state of Massachusetts and resides at 70 Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts. Plaintiff Isabelle Marie Diaz is a citizen of the state of Massachusetts and resides at 70 Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts. Plaintiff Lucas Diaz is a citizen of the state of Massachusetts and resides at 70 Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts.

2. Defendant, Baybutt Construction Corporation, is a citizen of the state of New Hampshire, with a principle place of business located at 25 Avon Street, Keene, New Hampshire.

3. Jurisdiction in this court in on the basis of diversity of citizenship pursuant to 28 U.S.C. 1332. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between plaintiffs who all reside in and are citizens of states different from those in which the defendant resides and is a citizen.

## PARTIES

4. The plaintiff, Anthony Diaz (hereinafter "Mr. Diaz") brings this action. At all material times, the plaintiff Mr. Diaz has resided at 70A Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts. At all material times, the plaintiff was a mason tender, employed by G.N. Prunier and Sons, Inc., (hereinafter "G.N.") a Massachusetts corporation, to perform masonry duties at a construction site located at 365 Main Street, Acton, MA 01720.

5. The plaintiff, Christine Diaz, is the wife of Anthony Diaz and at all material times has resided at 70A Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts.

6. The plaintiff, Isabelle Marie Diaz, a minor, is the daughter of Anthony Diaz and at all material times has resided at 70A Ames Street, Lawrence, Essex County, Commonwealth of Massachusetts.

7. The plaintiff, Lucas Diaz, a minor, is the son of Anthony Diaz and at all material times has resided at 70A Ames Street, Lawrence, Essex County, Commonweath of Massachusetts.

8. The defendant, Baybutt Construction Corporation, (hereinafter "Baybutt") is a New Hampshire corporation, with a principle place of business located at 25 Avon Street, Keene, New Hampshire 03431. At all material times, the defendant, Baybutt, individually and/or as a joint venturer was the general and/or prime contractor on a construction project at 365 Main Street, Acton, Middlesex County, Commonwealth of Massachusetts and as such was responsible for jobsite safety.

## FACTS

9. On June 29, 2004, the plaintiff, Mr. Diaz, was working within the scope of his employment for G.N., as a mason tender, on a construction project located at 365 Main Street, Acton, Middlesex County, Commonwealth of Massachusetts.

10. On June 29, 2004, Baybutt, the general contractor for the construction project located at 365 Main Street, Acton, Middlesex County, Commonwealth of Massachusetts, failed to properly supervise and oversee the overall job site safety and supervision of all subcontractors and people on the job site.

11. On June 29, 2004, Mr. Diaz, who is approximately 5'3" tall, was working within the scope of his employment as a mason tender on staging/scaffolding under the control/supervision of Baybutt, without a safety belt or any other fall restraints, at the construction site located at 365 Main Street, Acton, Middlesex County, Commonwealth of Massachusetts.

12. On June 29, 2004, Mr. Diaz was working on the scaffolding approximately twenty (20) feet off the ground, performing his masonry duties, and attempted to use a ladder that was not secured properly to the staging, which caused it to fall away from the staging and Mr. Diaz was thrown to the ground. At the time of the fall, Mr. Diaz was carrying a cinder block weighing approximately fifty pounds, which landed upon his right hand, crushing the hand.

13. The plaintiff, Mr. Diaz, not provided with a safety harness or fall protection, was thrown from the staging and fell approximately twenty (20) feet to the ground below, where he sustained very serious personal injuries.

<u>**COUNT I**</u>
ANTHONY DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
(NEGLIGENCE)

14. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 13 of the plaintiffs' complaint.

15. On and prior to June 29, 2004, the defendant, Baybutt, individually and/or as a joint venturer, was the general and/or prime contractor on a construction project located at 365 Main Street, Acton, Middlesex County, Commonwealth of Massachusetts, and Baybutt was in control of said project and was responsible with non-delegable duties for safety under 29CFR 1926.16(a), (b), (c), and (d) and 441 CMR 10.03 for jobsite safety for all people present on the site and maintenance of the construction site as a safe environment for all workers, and instead it was dangerous and defective.

16. As a result of the negligence of the defendant, Baybutt, individually and/or as a joint venturer and/or by its agents, servants and employees on said construction project, and as a result of the negligence of the defendant, Baybutt, in the performance of its non-delegable duties as the general or prime contractor on said project, and as a result of the negligence of the defendant, Baybutt, in its control, joint control, supervision, inspection and superintendence on said project and as a result of the negligence of the defendant, Baybutt, in failing to give adequate warnings and proper instruction, the plaintiff, Mr. Diaz, was caused to be seriously injured, be disabled, incur hospital and medical expenses and to suffer severe pain of body and mind.

17. As a result of said injury, the plaintiff, Mr. Diaz, suffered great pain of body and mind in the past and in the future, was caused to be incapacitated for a substantial period of time, to be permanently disabled, was unable to perform his usual duties in the past and in the future, experienced loss of earning capacity, and was caused to incur great expense for medical attention in the past and in the future.

WHEREFORE the plaintiff, Anthony Diaz, individually demands judgment in his favor against the defendant, Baybutt, for damages in an amount of money to be determined by a jury, plus interest and costs.

## COUNT II
### ANTHONY DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
### (VIOLATION OF M.G.L. CHAPTER 93A)

18. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of the plaintiffs' complaint.

19. The defendant, Baybutt, failed to make a reasonable offer of settlement in response to the plaintiffs' demand for relief under Chapter 93A, §9.

20. The failure of the defendant, Baybutt, to make a reasonable response to the plaintiffs' demand for relief under Chapter 93A constitutes an unfair and/or deceptive act and/or practice.

21. The unfair and/or deceptive acts and/or practices of the defendant, Baybutt, were knowing and/or willful.

WHEREFORE, the plaintiff, Anthony Diaz, individually, demands judgment for his damages against the defendant, Baybutt, pursuant to Mass. Gen. L. c. 93A, plus double or treble damages, attorney's fees, and interest and costs.

## COUNT III
### ANTHONY DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
### (VIOLATION OF M.G.L. C. 143 §51)

22. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of the plaintiffs' complaint.

23. Prior to June 29, 2004, the defendant, Baybutt, applied for and received a building permit for the construction work at 365 Main Street, Acton, Massachusetts and individually and/or as a joint venturer was the general and/or prime contractor on the construction project, was in control or joint control of said project, and had non-delegable duties for safety under 29 CFR 1926.16(a), (b), (c), and (d), 441 CRM 10.03 and the state building code.

24. As a result of the negligence of the defendant, Baybutt, individually and/or as a joint venturer and/or by its agents, servants and employees on said construction project, and as a result of the negligence of the defendant, Baybutt, in the performance of its non-delegable duties as the general or prime contractor on said project, and as a result of the negligence of the defendant, Baybutt, in its control, joint control, supervision, inspection and superintendence on said project and as a result of the negligence of the defendant, Baybutt, in failing to give adequate

warnings and proper instruction and other violations of the state building code, C. 143 §51, the plaintiff, Anthony Diaz, was caused to be seriously injured, be disabled, incur hospital and medical expenses, a permanent loss of earning capacity, and to suffer pain of body and mind.

25. As a result of said injury, the plaintiff, Anthony Diaz, suffered great pain of body and mind in the past and in the future, was caused to be incapacitated for a substantial period of time, to be permanently disabled, was unable to perform his usual duties in the past and in the future, lost wages, and was caused to incur great expense for medical attention in the past and in the future.

WHEREFORE, the plaintiff, Anthony Diaz, prays judgment in his favor from the defendant, Baybutt, in a fair and full amount for all injury suffered and damages (past, present and future) plus costs and interest.

## COUNT IV
### CHRISTINE DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
### (LOSS OF CONSORTIUM)

26. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 of the plaintiffs' complaint.

27. As a direct and proximate result of the negligence and carelessness of the defendant, Baybutt, the plaintiff, Christine Diaz, individually, has been deprived of the full services, society and affection of her husband, Anthony Diaz.

WHEREFORE, the plaintiff, Christine Diaz, individually, prays judgment in her favor against the defendant, Baybutt, for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT V
### ISABELLE DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
### (LOSS OF CONSORTIUM)

28. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of the plaintiffs' complaint.

29. As a direct and proximate result of the negligence and carelessness of the defendant, Baybutt, the plaintiff, Isabelle Diaz, a minor, the daughter of Anthony Diaz, has been deprived of the full services, society and affection of her father, Anthony Diaz.

WHEREFORE, the plaintiff, Isabelle Diaz, a minor, the daughter of Anthony Diaz, prays judgment in her favor against the defendant, Baybutt, for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

## COUNT VI
### LUCAS DIAZ V. BAYBUTT CONSTRUCTION CORPORATION
### (LOSS OF CONSORTIUM)

30. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1 through 29 of the plaintiffs' complaint.

31. As a direct and proximate result of the negligence and carelessness of the defendant, Baybutt, the plaintiff, Lucas Diaz, a minor, the son of Anthony Diaz, has been deprived of the full services, society and affection of his father, Anthony Diaz.

WHEREFORE, the plaintiff, Lucas Diaz, a minor, the son of Anthony Diaz, prays judgment in his favor against the defendant, Baybutt, for loss of consortium in an amount of money to be determined by a jury, plus interest and costs.

### THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

The plaintiffs,
By their attorney,

_____
Frederic N. Halström
BBO# 218420
P.O. Box 121203-Lafayette Station
Boston, Massachusetts 02112
(617) 262-1060

Dated: 13 Dec. 04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Diaz v. Baybutt Construction Corp.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04 12664 DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Frederic N. Halstrom__
ADDRESS __P.O. Box 121203-Lafayette Station, Boston, MA 02112__
TELEPHONE NO. __(617) 262-1060__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Diaz, Anthony, Diaz, Christine, Diaz, Isabelle M., Diaz, Lucas

**DEFENDANTS** Baybutt Construction Corporation

(b) County of Residence of First Listed Plaintiff **Essex, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Cheshire, NH**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Halstrom Law Offices, P.C.
Frederic N. Halstrom
P.O. Box 121203 Boston, MA 02112
(617) 262-1060

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332-Diveristy Jurisdiction. Personal Injury from Fall.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 12/17/2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____